# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARA STERN,<br><br>Plaintiff,<br><br>vs.<br><br>SETH LEVINE; AMBOY NORSE, LLC; CATHERINE NORSE, LLC; IRVINGTON NORSE, LLC; FILMORE NORSE, LLC; WASHINGTON NORSE, LLC; WOODBINE NORSE, LLC; CLEMENTON NORSE, LLC; ATLANTIC NORSE, LLC; and ELIZABETH NORSE, LLC;<br><br>Defendants. | CIVIL ACTION NO: 2:20-cv-1869 (MCA-LDW)<br><br>Civil Action<br><br>**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT** |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT

NATHANIEL A. WEISBROT (NW6029)
LAW OFFICE OF N. ARI WEISBROT LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

As set forth in the Complaint herein, and echoed in dozens of other lawsuits, the Plaintiff invested $1,511,000 with Defendants for the purposes of acquiring, managing, developing, and selling real properties. Defendant Levine stole the money. He returned none of it. He accepted and acknowledged service of the Complaint, through counsel, and then, as he has done in a dozen pending cases, failed to answer, appear, or otherwise respond to the Complaint. Default was entered by the Court.

For clarity, Default judgment is sought in connection with the Fourth Count (Fraud), the Fifth Count (Breach of Fiduciary Duty), the Sixth Count (Conversion), and the Eighth Count (Breach of Contract), for a total judgment of $4.5 million- - the exact amount converted and stolen by the Defendants - - which includes a credit for minor distributions received and does not include a request for the loss of the use of funds or the benefit of the parties' agreements. The Plaintiff seeks nothing more than the funds she turned over to Levine and which were never returned.

## STATEMENT OF FACTS

This statement of facts is derived from the Declaration of Plaintiff Sara Stern, with exhibits attached ("Stern Decl.").

Plaintiff Sarah Stern ("Stern" or "Plaintiff") is an individual with a place of residence located at 1758 45th Street, Brooklyn New York 11204

Upon information and belief, Defendant Seth Levine ("Levine") is an individual with a place of residence located at 636 South Forest Drive, Teaneck, New Jersey 07646.

Upon Information and belief, Defendant Amboy Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Catherine Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Irvington Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Filmore Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Washington Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Woodbine Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at

210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Clementon Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Atlantic Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Defendant Elizabeth Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

## **JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and, with respect to certain claims, 28 U.S.C. § 1367.

This Court also has subject matter jurisdiction over this action, pursuant to the "minimal diversity" provision for a statutory interpleader case under 28 U.S.C. 1335, because at least two of the parties, who have or claim a right to and/or lien on and/or interest in the property that is the subject of this action, are citizens of different states.

This Court has personal jurisdiction over the Defendants insofar as they reside in and/or conduct business in this State and in this district, and all of the

Properties are located in New Jersey. Moreover, all of the transactions occurred in this district and the causes of action arose herein.

Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(l) and (2) because all Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## THE INVESTMENTS

**337-339 WASHINGTON STREET, PERTH AMBOY, NEW JERSEY**

In or about March 2010, Defendant Levine solicited the Plaintiff to lend money to Levine for the purposes of acquiring real property located at 337-339 Washington Street, Perth Amboy, New Jersey. Levine caused to be formed an entity known as "Amboy Norse, LLC" for the purposes of acquiring and managing the property.

Pursuant to a written mortgage note, Plaintiff loaned Levine $200,000.

The note provided as follows:

> payable interest only at the rate of eight (8%) percent per annum, which shall be payable in equal monthly installments of One Thousand Three Hundred and Thirty-Three and 33/100ths Dollars ($1,333.33) each, commencing on the 18th day of April, 2010, and continuing on the first day of each month thereafter for one hundred and twenty (120) months, when all outstanding principal and accrued interest shall be due and payable.

Levine made interest-only payments in the total amount of $119,999.67 through approximately January 2019. No further or additional payments were

4

made by Defendants or received by Plaintiff in connection with the loan, leaving a deficit of $$40,000 in interest payments plus the principal amount of $200,000, which remains due and owing. In total, Levine owes $240,000 to Plaintiff on the Loan. Levine has ceased all communications with Plaintiff and has failed and refused to make any further payments in connection with the mortgage note.

Levine is currently in default under the terms of the Mortgage note, with a current outstanding balance of $240,000, exclusive of legal fees and late fees.

**1-12 CATHERINE COURT, JERSEY CITY, NEW JERSEY**

In or about May 2008, Defendant Levine solicited the Plaintiff to invest in real property located at 1-12 Catherine Court, Jersey City, New Jersey. Levine caused to be formed an entity known as "Catherine Norse, LLC" for the purposes of acquiring and managing the property.

Plaintiff invested $143,000 (for a 15% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

The 1-12 Catherine transaction was fully funded and closed in or about May 2008.

Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**616 LYONS AVENUE, IRVINGTON NEW JERSEY**

In or about 2006, Defendant Levine solicited the Plaintiff to invest in real

5

property located at 616 Lyons Avenue, Irvington, New Jersey. Levine caused to be formed an entity known as "Irvington Norse, LLC" for the purposes of acquiring and managing the property.

Plaintiff invested $106,500 (for a 10% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

The 616 Lyons transaction was fully funded and closed in or about 2006.

Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**204-212 60th STREET, 6008 FILMORE STREET, WEST NEW YORK, NJ**

In or about 2010, Defendant Levine solicited the Plaintiff to invest in real properties located at 204-212 60th Street and 6009 Filmore Street, West New York, New Jersey. Levine caused to be formed an entity known as "Filmore Norse, LLC" for the purposes of acquiring and managing the properties.

Plaintiff invested $180,000 (for a 25% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

The West New York transactions were fully funded and closed in or about 2010.

Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**7 RAILROAD AVENUE, WASHINGTON, NEW JERSEY**

In or about 2015, Defendant Levine solicited the Plaintiff to invest in real property located at 7 Railroad Avenue, Washington, New Jersey. Levine caused to be formed an entity known as "Washington Norse, LLC" for the purposes of acquiring and managing the property.

Plaintiff invested $220,000 (for a 50% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

The 7 Railroad transaction was fully funded and closed in 2010.

Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**300 BROADWAY, WESTVILLE, NEW JERSEY**

In or about 2010, Defendant Levine solicited the Plaintiff to invest in real property located at 300 Broadway, Westville, New Jersey. Levine caused to be formed an entity known as "Woodbine Norse, LLC" for the purposes of acquiring and managing the property.

Plaintiff invested $120,000 (for a 15% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

The 300 Broadway transaction was fully funded and closed in or around 2010.

Levine prepared and circulated an Operating Agreement for the LLC,

which, upon information and belief, was duly executed by its members.

**222 WHITE HORSE PIKE, CLEMENTON, NEW JERSEY**

In or about 2015, Defendant Levine solicited the Plaintiff to invest in real property located at 222 White Horse Pike, Clementon, New Jersey. Levine caused to be formed an entity known as "Clementon Norse, LLC" for the purposes of acquiring and managing the property.

Plaintiff invested $150,000 (for a 20% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

222 White Horse Pike transaction was fully funded and closed in or about 2015.

Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**225 ATLANTIC AVE AND 212 ATLANTIC AVE, ATLANTIC CITY, NJ**

In or about 2015, Defendant Levine solicited the Plaintiff to invest in real properties located at 225 Atlantic Avenue and 212 Atlantic Avenue, Atlantic City, New Jersey. Levine caused to be formed an entity known as "Atlantic Norse, LLC" for the purposes of acquiring and managing the properties.

Plaintiff invested $243,000 (for a 20% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

The Atlantic City transactions were fully funded and closed in or about

2015.

Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**157-163 WEST END AVENUE, ELIZABETH, NEW JERSEY**

In or about 2014, Defendant Levine solicited the Plaintiff to invest in real property located at 157-163 West End Avenue, Elizabeth, New Jersey. Levine caused to be formed an entity known as "Elizabeth Norse, LLC" for the purposes of acquiring and managing the property.

Plaintiff invested $108,500 (for a 10% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

The Elizabeth transaction was fully funded and closed in or about 2015.

In total, the Plaintiff invested or loaned at least $1.6 million in the Defendants' real estate acquisitions. She has received dividends or distributions in a fractional amount of those loans/investments in return from Defendants. In totally, Plaintiff has lost approximately $1.4 million, exclusive of interest, late fees, promised distributions and profits, and collection fees.

## DEFENDANTS' MISCONDUCT

Plaintiff has learned from other pleadings filed in related cases that (i) on or about August 16, 2019, a search warrant for offices operated by Levine and companies with which he is affiliated, including the property manager for the

Properties was executed by agents of the Federal Bureau of Investigation (the "FBI"), and (ii) the search warrant was connected to a federal investigation of Levine and his companies.

Plaintiff learned from other pleadings filed in related cases that, as of approximately August 22, 2019, Levine and his affiliated companies are no longer actively conducting business. Accordingly, each Defendant has abandoned its subject Property and has forsaken its obligation to manage such Property.

Upon information and belief, and based upon information learned from pleadings in other cases, the Defendants do not have sufficient funds to make insurance payments, or are refusing to do so.

Upon information and belief, and based upon several actions pending in this and other Courts, several loans relating to the Properties (and other properties purportedly owned by the Defendants) are in default and the subject of foreclosure proceedings.

Plaintiff is unable to obtain any information about the Properties or their investments.

Upon information and belief, and based upon several actions pending in this and other Courts, as of August 22, 2019, Levine and the Defendants are no longer conducting business and the LLC defendants have abandoned the

Properties and their management obligations.

The actions by the Defendants, as set forth herein, constitute significant and material breaches of the Operating Agreements and mortgage note, which have caused, and will continue to cause, significant and irreparable damage to the Plaintiff.

In addition, Levine on at least one occasion, but likely more than once, applied for and obtained a loan by using one of the Properties as collateral, without the consent of Plaintiff and without providing Plaintiff with any of the proceeds from those loans.  Indeed, upon information and belief, Levine has converted loan and refinancing proceeds for himself.

Upon information and belief, Levine also fraudulently pledged his "100%" interests in other properties in which he did not own 100% and, in which, other investors had acquired significant membership interests.

During the last several [years],  Plaintiff has not received most, if any, of her distributions, income or payments, as required by the operating agreements, and the other promises and understanding between the parties.  In effect, it seems that Levine has simply converted those distributions for his own use, or to repay other investors. While Plaintiff received some checks in connection with some distributions on some investments, most have not been paid.

Moreover, certain Form K-1s were issued by Levine that were clearly

erroneous. K-1s included distributions that were not issued. At least one distribution check, disclosed on the K-1s, could not be cashed due to insufficient funds. Yet, the K-1s continued to falsely represent that distributions were made. Those distributions remain due and owing.

While some "payments" were, in fact, paid to and received by Plaintiff on occasion (and those amounts will be deducted from Plaintiff's ultimate award of damages), it is simply impossible to know the manner in which revenue, distributions, or proceeds were allocated or distributed by the Defendants. At least one check bounced and was never replaced.

With respect to several investments, Levine purported to finance or refinance the properties but failed to distribute the proceeds to Plaintiff. Those funds are unaccounted for.

In total, the Plaintiff invested $1,511,000 in the Defendants' real estate acquisitions, which amount remains due and owing.

## LEGAL ARGUMENT

### DEFENDANTS ARE ENTITLED TO JUDGMENT BY DEFAULT

a. Legal Standard

Rule 55 of the *Federal Rules of Civil Procedure* provides as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

    b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

Here, default has already been entered (Dkt No. 22+) by the Clerk. A motion for entry of judgment by the Clerk based on the sum certain and detailed calculations thereof in the Complaint and the sworn declaration of Plaintiff Larry Stern was denied, without prejudice, with a request for a Brief and more specificity about the claims for which default judgment is sought.

The complaint includes 9 causes of action: (1) Civil Rico – 18 U.S.C. 1962(c); (2) Conspiracy to Violate Civil RICO 18-U.S.C. 1962(d); (3) Equitable Accounting;

(4) Fraud; (5) Breach of Fiduciary Duty; (6) Conversion; (7) Unjust Enrichment; (8) Breach of Contract; and (9) Appointment of a Receiver.

Plaintiffs do **not** seek entry of judgment on the First and Second Counts (RICO), the Third Count (Accounting); the Seventh Count (Unjust Enrichment), or the Ninth Count (Receiver).

Instead, Plaintiffs seek judgment only with respect to the Fourth Count (Fraud), the Fifth Count (Breach of Fiduciary Duty), the Sixth Count (Conversion), and the Eighth Count (Breach of Contract).

Without belaboring the point, each of the above claims are fully supported by the documents and pleadings submitted in this action, including the Plaintiff's sworn certification.  The Defendants - - represented by counsel at the time their answer was due, knowingly and intentionally declined to answer or appear.  It was not a mistake - - they declined to answer in <u>dozens</u> of other pending cases. This was their intent. Having failed to answer, the Defendants are deemed to have admitted the allegations of the Complaint and the accompanying pleadings.  They certainly cannot be heard to deny them.  Moreover, the supporting documents submitted by Plaintiffs amply demonstrate the validity of their claims.

It is not Plaintiffs' belief that the Court requires (or wants) a detailed recitation of the elements of each of the above basic claims and, therefore, we will not burden the Court will a prolonged submission.  Suffice it to say that the Plaintiffs have

14

demonstrated their investments and loans, the specific amounts of those investments and loans, the agreements with, and representations by, Mr. Levine, the falsity of those representations, the bogus financing, the failure to pay distributions or interest (or anything), the failure to repay the loans, the failure to properly record the Plaintiffs' interests and rights, the preparation of phony Operating Agreements to "sell" the same property to multiple innocent investors, and falsified tax documents, and the lies and deception in obtaining Plaintiffs' money and then converting it for his own uses.

Unlike the wealthy first lien lenders (who appear to be on track to recoup most of their funds), and the receiver (who will also be handsomely paid), and other insiders (who appear to be in line to recover funds), the Plaintiffs herein include holocaust survivors, individuals, and families, some of whom have been wiped out by these frauds. They invested in controlling or 50% ownership interests, with the absolute right to ensure the protection of their investments and now are watching as everyone else control, sells, and benefits from their investments - - while they are left out in the cold. Indeed, counsel is essentially working for free and continues to be drawn into more and more expensive and time-consuming issues relating to this case - - where the Defendants already defaulted!

Therefore, it is respectfully requested that the Court enter Judgment by Default, in connection with the Fourth Count (Fraud), the Fifth Count (Breach of

Fiduciary Duty), the Sixth Count (Conversion), and the Eighth Count (Breach of Contract), for a total judgment of $1,511,000.

                Respectfully,

                LAW OFFICE OF N. ARI WEISBROT LLC

                By: _____

                    Nathaniel Ari Weisbrot
                1099 Allessandrini Avenue
                New Milford, New Jersey 07646 Phone: (201) 788.6146
                aweisbrot@weisbrotlaw.com
                *Attorneys for All Plaintiffs*

Dated: December 31, 2020