NATHANIEL A. WEISBROT (NW6029)
LAW OFFICE OF N. ARI WEISBROT LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARA STERN, <br><br> Plaintiff, <br><br> vs. <br><br> SETH LEVINE; AMBOY NORSE, LLC; CATHERINE NORSE, LLC; IRVINGTON NORSE, LLC; FILMORE NORSE, LLC; WASHINGTON NORSE, LLC; WOODBINE NORSE, LLC;  CLEMENTON NORSE, LLC; ATLANTIC NORSE, LLC; and ELIZABETH NORSE, LLC; <br><br> Defendants. | CIVIL ACTION NO: 2:20-cv-1869 <br><br> Civil Action <br><br> **DECLARATION OF SARA STERN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

**SARA STERN,** of full age, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the Plaintiff in the above-referenced matter. As such, I have personal knowledge of the facts set forth herein. I respectfully submit this declaration in support of my motion for judgment by default.

### **PARTIES**

2. Plaintiff Sarah Stern ("Stern" or "Plaintiff") is an individual with a place of

residence located at 1758 45th Street, Brooklyn New York 11204

    3.    Upon information and belief, Defendant Seth Levine ("Levine") is an individual with a place of residence located at 636 South Forest Drive, Teaneck, New Jersey 07646.

    4.    Upon Information and belief, Defendant Amboy Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

    5.    Upon Information and belief, Defendant Catherine Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

    6.    Upon Information and belief, Defendant Irvington Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

    7.    Upon Information and belief, Defendant Filmore Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

    8.    Upon Information and belief, Defendant Washington Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

    9.    Upon Information and belief, Defendant Woodbine Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

    10.    Upon Information and belief, Defendant Clementon Norse, LLC is a New

Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

11. Upon Information and belief, Defendant Atlantic Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

12. Upon Information and belief, Defendant Elizabeth Norse, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and, with respect to certain claims, 28 U.S.C. § 1367.

14. This Court also has subject matter jurisdiction over this action, pursuant to the "minimal diversity" provision for a statutory interpleader case under 28 U.S.C. 1335, because at least two of the parties, who have or claim a right to and/or lien on and/or interest in the property that is the subject of this action, are citizens of different states.

15. This Court has personal jurisdiction over the Defendants insofar as they reside in and/or conduct business in this State and in this district, and all of the Properties are located in New Jersey. Moreover, all of the transactions occurred in this district and the causes of action arose herein.

16. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(l) and (2) because all Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## THE INVESTMENTS

**337-339 WASHINGTON STREET, PERTH AMBOY, NEW JERSEY**

17. In or about March 2010, Defendant Levine solicited the Plaintiff to lend money to Levine for the purposes of acquiring real property located at 337-339 Washington Street, Perth Amboy, New Jersey. Levine caused to be formed an entity known as "Amboy Norse, LLC" for the purposes of acquiring and managing the property.

18. Pursuant to a written mortgage note, Plaintiff loaned Levine $200,000.

19. The note provided as follows:

> payable interest only at the rate of eight (8%) percent per annum, which shall be payable in equal monthly installments of One Thousand Three Hundred and Thirty-Three and 33/100ths Dollars ($1,333.33) each, commencing on the 18th day of April, 2010, and continuing on the first day of each month thereafter for one hundred and twenty (120) months, when all outstanding principal and accrued interest shall be due and payable.

20. Levine made interest-only payments in the total amount of $119,999.67 through approximately January 2019. No further or additional payments were made by Defendants or received by Plaintiff in connection with the loan, leaving a deficit of $$40,000 in interest payments plus the principal amount of $200,000, which remains due and owing. In total, Levine owes $240,000 to Plaintiff on the Loan. Levine has ceased all communications with Plaintiff and has failed and refused to make any further payments in connection with the mortgage note.

21. Levine is currently in default under the terms of the Mortgage note, with a current outstanding balance of $240,000, exclusive of legal fees and late fees.

**1-12 CATHERINE COURT, JERSEY CITY, NEW JERSEY**

22. In or about May 2008, Defendant Levine solicited the Plaintiff to invest in real

property located at 1-12 Catherine Court, Jersey City, New Jersey. Levine caused to be formed an entity known as "Catherine Norse, LLC" for the purposes of acquiring and managing the property.

23. Plaintiff invested $143,000 (for a 15% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

24. The 1-12 Catherine transaction was fully funded and closed in or about May 2008.

25. Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**616 LYONS AVENUE, IRVINGTON NEW JERSEY**

26. In or about 2006, Defendant Levine solicited the Plaintiff to invest in real property located at 616 Lyons Avenue, Irvington, New Jersey. Levine caused to be formed an entity known as "Irvington Norse, LLC" for the purposes of acquiring and managing the property.

27. Plaintiff invested $106,500 (for a 10% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

28. The 616 Lyons transaction was fully funded and closed in or about 2006.

29. Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**204-212 60th STREET, AND 6008 FILMORE STREET, WEST NEW YORK, NJ**

30. In or about 2010, Defendant Levine solicited the Plaintiff to invest in real properties located at 204-212 60th Street and 6009 Filmore Street, West New York, New Jersey. Levine caused to be formed an entity known as "Filmore Norse, LLC" for the purposes

of acquiring and managing the properties.

31. Plaintiff invested $180,000 (for a 25% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

32. The West New York transactions were fully funded and closed in or about 2010.

33. Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**7 RAILROAD AVENUE, WASHINGTON, NEW JERSEY**

34. In or about 2015, Defendant Levine solicited the Plaintiff to invest in real property located at 7 Railroad Avenue, Washington, New Jersey. Levine caused to be formed an entity known as "Washington Norse, LLC" for the purposes of acquiring and managing the property.

35. Plaintiff invested $220,000 (for a 50% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

36. The 7 Railroad transaction was fully funded and closed in 2010.

37. Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**300 BROADWAY, WESTVILLE, NEW JERSEY**

38. In or about 2010, Defendant Levine solicited the Plaintiff to invest in real property located at 300 Broadway, Westville, New Jersey. Levine caused to be formed an entity known as "Woodbine Norse, LLC" for the purposes of acquiring and managing the property.

39. Plaintiff invested $120,000 (for a 15% interest). Defendant Levine claimed to

have invested or raised the balance of the investment.

40. The 300 Broadway transaction was fully funded and closed in or around 2010.

41. Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**222 WHITE HORSE PIKE, CLEMENTON, NEW JERSEY**

42. In or about 2015, Defendant Levine solicited the Plaintiff to invest in real property located at 222 White Horse Pike, Clementon, New Jersey. Levine caused to be formed an entity known as "Clementon Norse, LLC" for the purposes of acquiring and managing the property.

43. Plaintiff invested $150,000 (for a 20% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

44. 222 White Horse Pike transaction was fully funded and closed in or about 2015.

45. Levine prepared and circulated an Operating Agreement for the LLC, which, upon information and belief, was duly executed by its members.

**225 ATLANTIC AVENUE AND 212 ATLANTIC AVENUE, ATLANTIC CITY, NJ**

46. In or about 2015, Defendant Levine solicited the Plaintiff to invest in real properties located at 225 Atlantic Avenue and 212 Atlantic Avenue, Atlantic City, New Jersey. Levine caused to be formed an entity known as "Atlantic Norse, LLC" for the purposes of acquiring and managing the properties.

47. Plaintiff invested $243,000 (for a 20% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

48. The Atlantic City transactions were fully funded and closed in or about 2015.

49. Levine prepared and circulated an Operating Agreement for the LLC, which,

upon information and belief, was duly executed by its members.

**157-163 WEST END AVENUE, ELIZABETH, NEW JERSEY**

50. In or about 2014, Defendant Levine solicited the Plaintiff to invest in real property located at 157-163 West End Avenue, Elizabeth, New Jersey. Levine caused to be formed an entity known as "Elizabeth Norse, LLC" for the purposes of acquiring and managing the property.

51. Plaintiff invested $108,500 (for a 10% interest). Defendant Levine claimed to have invested or raised the balance of the investment.

52. The Elizabeth transaction was fully funded and closed in or about 2015.

53. In total, the Plaintiff invested or loaned at least $1.6 million in the Defendants' real estate acquisitions. She has received dividends or distributions in a fractional amount of those loans/investments in return from Defendants. In totally, Plaintiff has lost approximately $1.4 million, exclusive of interest, late fees, promised distributions and profits, and collection fees.

## **DEFENDANTS' MISCONDUCT**

54. Plaintiff has learned from other pleadings filed in related cases that (i) on or about August 16, 2019, a search warrant for offices operated by Levine and companies with which he is affiliated, including the property manager for the Properties was executed by agents of the Federal Bureau of Investigation (the "FBI"), and (ii) the search warrant was connected to a federal investigation of Levine and his companies.

55. Plaintiff learned from other pleadings filed in related cases that, as of approximately August 22, 2019, Levine and his affiliated companies are no longer actively conducting business. Accordingly, each Defendant has abandoned its subject Property and

has forsaken its obligation to manage such Property.

56. Upon information and belief, and based upon information learned from pleadings in other cases, the Defendants do not have sufficient funds to make insurance payments, or are refusing to do so.

57. Upon information and belief, and based upon several actions pending in this and other Courts, several loans relating to the Properties (and other properties purportedly owned by the Defendants) are in default and the subject of foreclosure proceedings.

58. Plaintiff is unable to obtain any information about the Properties or their investments.

59. Upon information and belief, and based upon several actions pending in this and other Courts, as of August 22, 2019, Levine and the Defendants are no longer conducting business and the LLC defendants have abandoned the Properties and their management obligations.

60. The actions by the Defendants, as set forth herein, constitute significant and material breaches of the Operating Agreements and mortgage note, which have caused, and will continue to cause, significant and irreparable damage to the Plaintiff.

61. In addition, Levine on at least one occasion, but likely more than once, applied for and obtained a loan by using one of the Properties as collateral, without the consent of Plaintiff and without providing Plaintiff with any of the proceeds from those loans. Indeed, upon information and belief, Levine has converted loan and refinancing proceeds for himself.

62. Upon information and belief, Levine also fraudulently pledged his "100%" interests in other properties in which he did not own 100% and, in which, other investors had acquired significant membership interests.

63. During the last several [years], Plaintiff has not received most, if any, of her distributions, income or payments, as required by the operating agreements, and the other promises and understanding between the parties. In effect, it seems that Levine has simply converted those distributions for his own use, or to repay other investors. While Plaintiff received some checks in connection with some distributions on some investments, most have not been paid.

64. Moreover, certain Form K-1s were issued by Levine that were clearly erroneous. K-1s included distributions that were not issued. At least one distribution check, disclosed on the K-1s, could not be cashed due to insufficient funds. Yet, the K-1s continued to falsely represent that distributions were made. Those distributions remain due and owing.

65. While some "payments" were, in fact, paid to and received by Plaintiff on occasion (and those amounts will be deducted from Plaintiff's ultimate award of damages), it is simply impossible to know the manner in which revenue, distributions, or proceeds were allocated or distributed by the Defendants. At least one check bounced and was never replaced.

66. With respect to several investments, Levine purported to finance or refinance the properties but failed to distribute the proceeds to Plaintiff. Those funds are unaccounted for.

67. Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

_____
SARA STERN

Dated: December 31, 2020