UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARA STERN,<br><br>*Plaintiff*,<br><br>v.<br><br>SETH LEVINE, et al.,<br><br>*Defendants.* | Civil Action No. 20-1869<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Sara Stern's ("Plaintiff") Second[1] unopposed Motion for the Entry of Default Judgment,[2] ECF No. 36, against Defendants Seth Levine ("Levine"), Amboy Norse, LLC ("Amboy LLC"), Catherine Norse, LLC ("Catherine LLC"), Irvington Norse, LLC ("Irvington LLC"), Filmore Norse, LLC ("Filmore LLC"), Washington Norse, LLC ("Washington LLC"), Woodbine Norse, LLC ("Woodbine LLC"), Clementon Norse, LLC ("Clementon LLC"), Atlantic Norse, LLC ("Atlantic LLC"), and Elizabeth Norse, LLC ("Elizabeth LLC") (collectively, "Defendants");

and it appearing that this action arises out of an alleged scheme to defraud real estate investors perpetrated by Defendants, see generally Compl., ECF No. 1;[3]

---

[1] Plaintiff's first unopposed Motion for Default Judgment, ECF No. 17, was denied without prejudice by this Court in its August 30, 2021 Order, ECF No. 20 (the "August Order").

[2] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

[3] The Court discussed the background of this action in the August Order. As such, this Order discusses the relevant facts only to the extent necessary to resolve the instant Motion.

and it appearing that Plaintiff lent $200,000.00 to Levine pursuant to a mortgage note for the purpose of acquiring real property in Perth Amboy, New Jersey through Amboy LLC (the "Amboy Note"), id. ¶¶ 19-21;

and it appearing that Levine defaulted on the Amboy Note and currently owes $240,000 in principal and interest, after only making interest-only payments on the Amboy Note until January 2019, id. ¶ 22-23;

and it appearing that separately, Levine solicited Plaintiff to invest in real property through a series of LLCs formed by Levine (the "Investment LLCs"), id. ¶¶ 24, 28, 32, 36, 40, 44, 48, 52;[4]

and it appearing that Catherine LLC, Irvington LLC, Filmore LLC, Washington LLC, Woodbine LLC, Clementon LLC, and Atlantic LLC, were each governed by an operating agreement prepared by Levine, all of which provided that: (1) Defendants were required to maintain and manage the subject properties (the "Properties"), and (2) Plaintiff was to receive certain distributions from each LLC, see Exs. A-S, Stern Decl., ECF No. 36.1 (the "Operating Agreements");

and it appearing that Plaintiff alleges that Defendants have failed to make certain distributions required by the Operating Agreements, id. ¶ 65;

and it appearing that as of approximately August 22, 2019, Defendants have abandoned their obligation to manage the Properties, have ceased making insurance payments related to the Properties, and have defaulted on several loans related to the Properties, id. ¶¶ 57-61;

---

[4] Plaintiff invested: (1) $143,000 in Catherine LLC, which purchased property in Jersey City, NJ in May 2008, compl. ¶¶ 24-26; (2) $106,500 in Irvington LLC, which purchased property in Irvington, NJ in 2006, id. ¶¶ 28-30; (3) $180,000 in Filmore LLC, which purchased property in West New York, NJ in 2010, id. ¶¶ 32-34; (4) $220,000 in Washington LLC, which purchased property in Washington, NJ in 2010, id. ¶¶ 36-38; (5) $120,000 in Woodbine LLC, which purchased property in Westville, NJ in 2010, id. ¶¶ 40-42; (6) $150,000 in Clementon LLC, which purchased property in Clementon, NJ in 2015, id. ¶¶ 44-46; (7) $243,000 in Atlantic LLC, which purchased property in Atlantic City, NJ in 2015, id. ¶¶ 48-50; and (8) $108,500 in Elizabeth LLC, which purchased property in Elizabeth, NJ in 2015, id. ¶¶ 52-54.

and it appearing that on February 21, 2020, Plaintiff filed the eight-count Complaint alleging (1) a violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), compl. ¶¶ 69-77 ("Count I"); (2) conspiracy to violate RICO, id. ¶¶ 78-84 ("Count II"); (3) equitable accounting, id. ¶¶ 85-90 ("Count III"); (4) fraud, id. ¶¶ 91-96 ("Count IV"); (5) breach of fiduciary duty, id. ¶¶ 97-102 ("Count V"); (6) conversion, id. ¶¶ 103-107 ("Count VI"); (7) unjust enrichment, id. ¶¶ 108-111 ("Count VII"); and (8) breach of contract, id. ¶¶ 112-122 ("Count VIII");

and it appearing that as of the date of this Order, Defendants have failed to answer or otherwise respond to the Complaint;

and it appearing that on September 17, 2020, the Clerk of Court entered default against Defendants, ECF No. 14;

and it appearing that Plaintiff filed her first Motion for Default Judgment before this Court on December 31, 2020, ECF No. 17, seeking a default judgment on Count IV (fraud), Count VI (conversion), and Count VII (breach of contract), Pl. Mem. at 1, ECF No. 17.1;

and it appearing the Court denied Plaintiff's Motion for Default Judgment without prejudice for failing to satisfactorily prove damages, and allowed Plaintiff to file a renewed Motion for Default Judgment within 30 days of the August 8 Order, see August Order at 8-9;

and it appearing that after Plaintiff failed to file a renewed Motion, Magistrate Judge Leda D. Wettre issued an Order to Show Cause "based on the prolonged dormancy of this case due to Plaintiff's inaction," because "Plaintiff has not since renewed her [Default] [M]otion, nor taken any other steps in furtherance of her claims in nearly seventeen months," see Order to Show Cause, ECF No. 31;

and it appearing that Plaintiff responded to the Order to Show Cause seeking leave to file a new Motion for Default Judgment, ECF No. 34, which the Court granted on July 25, 2022, ECF No. 35;

and it appearing Plaintiff filed the instant Motion seeking default judgment against Defendants and for the Court to find Defendants "liable for all funds of which the Plaintiff has been deprived, and grant any other relief it deems just and proper[,]" see Pl. Mem at 2, ECF No. 36.22;[5]

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008), and whether Plaintiff properly served Defendants, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that in its August Order the Court found: (1) it has both subject-matter and personal jurisdiction over Defendants under 28 U.S.C. § 1331, § 1367 and Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011), respectively; (2) that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1); and (3) that Defendants have acknowledged service of the Summons and Complaint, see August Order at 3;

and it appearing that before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

---

[5] Plaintiff does not assert which specific causes of action it is seeking to move for default judgment on. However, in its August Order the Court found Plaintiff only pled sufficient facts to move for a default judgment under Count VIII (breach of contract). See August Order at 4-7. As such, the Court will re-examine whether Plaintiff is entitled to default judgment on only Count VIII (breach of contract).

4

and it appearing that Count VIII (breach of contract) alleges that: (a) Defendants breached the Amboy Note by failing to repay the subject loan principal and interest; and (b) Defendants breached the Operating Agreements by failing to manage the Properties or pay distributions to Plaintiff, compl. ¶¶ 112-122;

and it appearing that in its August Order, the Court found that Plaintiff: (1) sufficiently pled a claim for breach of the Amboy Note, and (2) sufficiently pled a claim for breach of the Operating Agreements, see August Order at 7;[6]

and it appearing that although the Court found Count VIII was sufficiently pled in the Complaint "for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that with respect to the Amboy Note, Plaintiff in her Declaration reiterates allegations in the Complaint (i.e. that Levine has paid $119,999.67 in interest to date and currently owes $200,000.00 in principal and $40,000.00 in interest, compl. ¶¶ 20-21), but Plaintiff does not adequately explain how she calculated the alleged "deficit" of $40,000 in outstanding interest, Stern Decl. ¶¶ 2-6;

---

[6] With regard to the Amboy Note the Court found that Plaintiff adequately alleged: (1) the Amboy Note is an enforceable agreement between Plaintiff and Levine; (2) the Amboy Note required Levine to repay the outstanding principal, along with interest; and (3) Levine ceased making payments on the Amboy Note in January 2019 and currently owes $240,000 in principal and interest. See August Order at 7.

With regard to the Operating Agreements, the Court also found that Plaintiff adequately alleged: (1) the Operating Agreements were valid contracts between Plaintiff and Levine, but not the Investment LLCs; see also id. at 7, n.7, (2) the Operating Agreements required Levine to (a) maintain and manage the Properties, and (b) make undisclosed distributions to Plaintiff, and (3) Levine breached the Operating Agreements and caused damage to Plaintiff by failing to manage the Properties and make distributions.

and it appearing that Plaintiff further seeks damages arising from Levine's failure to manage the Properties or make adequate distributions under the Operating Agreements, see Stern Decl. ¶¶ 7-48;

and it appearing that Plaintiff avers that in addition to the $119,999.67 she received in interest payments on the Amboy Note, Plaintiff received other undisclosed payments from Defendants but did not specify the dollar amount, see Compl. ¶ 65;[7]

and it appearing that Plaintiff has not provided the dollar amount she received from Defendants, rendering the Court unable to calculate a damages award;[8]

and it appearing that Plaintiff has therefore failed to satisfy her burden to prove damages, see, e.g., Gen. Elec. Cap. Corp. v. Automated Digital Consultants, Inc., No. 15-1682, 2016 WL 756559, at *2 (D.N.J. Feb. 25, 2016) ("[T]he Court cannot determine the accuracy of the claimed damages amount with any reasonable certainty, and therefore is not satisfied that default judgment is appropriate.");

**IT IS** on this 31st day of March, 2023,

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 36, is **DENIED WITHOUT PREJUDICE**; and it is further

---

[7] For example, regarding the Catherine Court LLC, Irvington Norse LLC, and Filmore Norse LLC properties, Plaintiff notes "I have not received further distributions to due to me[,]" but never specifies the amount of distributions she received. See Stern Decl. ¶¶ 10, 17, 24 (emphasis added). To properly award damages the Court must know how much Plaintiff has already received, so to prevent double recovery. See generally, Malik v. Hannah, No. 05–3901, 2012 WL 359747, at *5 (D.N.J. Feb. 2, 2012) (clarifying that in a default judgment "a double recovery is not permissible"). Similarly, regarding the Elizabeth Norse property that the Elizabeth Norse LLC still owns, Plaintiff states she "should be entitled to recover as much of [her] funds as possible." Stern Decl. ¶ 47. This is not specific enough to allow this Court to award Plaintiff damages. See Getty Petroleum Marketing, Inc. v. Saini, No. 05–4732, 2006 WL 1344685, at *5 (D.N.J. May 15, 2006) (finding that "Plaintiff has not provided evidence adequate to enable th[e] Court to assess Plaintiff's entitlement to damages with reasonable certainty" because Plaintiff "proffered no explanation of the calculations employed to arrive at these [damage] figures"). To award damages, the Court must be able to determine how much of the distributions Plaintiff already received from each property.

[8] The Court notes Plaintiff's argument that "it is impossible to state the exact amount due to the Plaintiff in this matter[,]" Pl. Mem. at 5, ECF No. 36.22, however, it is impossible for this Court to determine how much it should award in damages without knowing how much Defendant already paid to Plaintiff.

**ORDERED** that Plaintiff may file a renewed Motion for Default Judgment providing proof of damages within (30) days of this Order; and if such Motion is not filed, the case will be closed.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
